In The United States District Court
For The Southern District Of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

FEB 12 2015

ARTHUR JOHNSTON
BY _____ DEPUTY

Danny Singleton
Plaintiff

vs.

Complaint
No. 1:15cv4316 RHW

Mississippi Department of Corrections; Commissioner
Marshall Fisher; AND ALL M.D.O.C. officials et. AL.,

Comes Now, The Plaintiff, Complainant, Danny Singleton, M.D.O.C.
#49569 An Inmate of M.D.O.C. of The State of Mississippi
Currently domiciled in Green County, Leakesville, Mississippi,
Plaintiff seeks A hearing before This Honorable Court for
The Issuance of A Temporary Restraining order And
Preliminary Injunction To be Set by This Honorable
Court.

I.
Jurisdiction AND Venue

Plaintiff, seeks to Be Heard At A designated Time And
date where he will make his Argument before this Court
AND Defendants. The Court has Jurisdiction under 28. U.S.C.
1331 AND 1343 (a) (3) Plaintiff, Seeks declaratory Relief
Pursuant To 28 U.S.C. 2201 And 2202.
The Southern District is An Appropriate Venue under 28. U.S.C.
Section 1391 (b) (2) because it is where The events giving
Rise to this Claim occurred.

II
Plaintiff

Plaintiff, Danny Singleton, is And was At All times mentioned
herein A Prisoner of the State of Mississippi.

(Page 1.)

## III.
## Defendants

Defendant, Marshall Fisher (Commissioner of M.D.O.C. of the State of Mississippi. He is Legally Responsible for the Over All Operation of M.D.O.C. And each institution under its Jurisdiction, including that of S.M.C.I. Area 1-3 in Green County, Mississippi.

Defendant, Raymond Byrd Superintendant of S.M.C.I. Area 1-3 He is Legally Resonsible for the overall employee's of All Three (3) Area's Warden M. Turner; Deputy Warden Dickinson et. Al. At All Times Mentioned in this Complaint Each defendant Acted under The color of State Law.

## IV.
## Facts and Basis of Complaint

1.) Danny Singleton, M.D.O.C. No. 49569 from herein Known As the [Complainant] Attaches This Complaint to his Application for [TRO] Prohibiting The Mississippi Department of Corrections to Take Relaliatory Action on Complainant Steming his efforts to Bring Attention to the Condition within the M.D.O.C. Prison System." [W]hich is well Known to All M.D.O.C. Official And to every M.D.O.C. Employee in the State of Mississippi."
(See Attached Notice from former Superintendant Ronald King) Currently over C.M.C.F. in Rankin County, Miss,
Complainant will Show that M.D.O.C. Commissioner And Staff hindered Complainants efforts to exercise his frist (1) Amendment Right to freedom of Speeh by means of A Hunger Strike by Threats of Rule Violation Report [R.V.R.] for every Three (3) meals Refused by Complainant according to M.D.O.C. Policy. And to further his Punishment, Staff Stated that Complainant would be Reduced to "C" Custody And Placed in Lock-down with certain Privileges withheld.
M.D.O.C. Policy on Hunger Strikes by Inmates is A form of [Oppression]. Around The globe, People under take Hunger -
(Page 2)

Strikes As A form of [Protest.] And or to bring Attention to in Justices without the threat of Relaliation from the Government of Local Authorities. And to further show;

2.) Although The Complainant is incacerated his Basic Rights Are intact.

According to M.D.O.C.'s own Standard Operating Proceedures (S.O.P.) See (Sop.) #20-05-01 (Page 2 of 2) Complainant has The Protection of his Rights by M.D.O.C.

Complainant, Singleton States the following!

During the month of October, 2014 being housed At C.M.C.F. in Rankin County, Complainant Had An Argument with Several Gang Members, Afterwards These Gangs Members went to Staff in Particular officer Turner And Townsend and directed said officers to go to Complainant's blds, And Shake him down and his Property.

Friction between Complainant And certain inmates was on going during this time. Inmate James Hendrex (Non Gang member) Threated inmate Quinton Norwood with a wooden Cane... And Stated "we (Blacks) Should Kill one of these White men" On or About the 10th day of December 2014 Problems with inmate Hendrix began Again between himself And inmate Thomas Everett. Complainant Remarked to inmate Everett that he should Refrain from having any contact with Hendrix And other Trouble makers in the houseing Unit. Hendrix, informed Complainant that he'd have Complainant moved off the Unit. Complainant Requested to see the Watch Commander Captain Johnson, Inmate Hendrix Requested the same. Capt. Johnson, informed the tower officer that she was busy And would get back with both inmates Later. Sencing that this Problem would Escalate Complainant called And instructed his wife to call the —

(Page 3)

Acting Commissioner's office, who in turn Contacted C.M.C.F. Superintendent Ron King's office.
Complainant was summoned to Area-1 [C.I.D. office] where Complainant Reported The Threats made by "Hendrix to Kill A White Man."
Mr. King Attended this meeting with C.I.D. And Complainant. While Complainant was in Area-1, Hendrix met with Capt. Johnson; Captain Bones And Captain Spann."
When Complainant Returned to Area-3 officers Turner and Townsend Escorted Complainant to his Housing Unit again They conducted Another search, again finding No Contraband. Officer Turner & Townsend ordered Complainant to Pack All his Property, that He was being moved off the zone. Complainant told officer Turner & Townsend he was Not going to Another Bldg. because he was Not At fault or the Cause of the Trouble, That This was Nothing more then Harassment by the Staff. And was A Racially motivated Act...because These Named Captains who met with Hendrix was Also black And because Complainant wasn't present during Their Confrence with Hendrix And they never questioned the Complainant About Hendrix's Allegations.
Complainant was Placed in the holding Cell At the Administration bldg. Where he remained for Approximately two (2) hours. And was told by Warden why was he in holding cell.
Complainant, was then Released And Returned to his Housing Unit, bed 138.
(M.D.O.C. As A whole often Promotes Violent Situations And Environments, which may Are may Not other wise become violent or dangerous.)
On December 13, 2014, Complainant was told in Strick Confidence, That (He) overheard Several Known Gang members Speaking with Associate Warden Betty Phillips,

(Page 4.)

AND WARDEN Phillips informed these GANG Members that she would Transfer Complainant Away from C.M.C.F., for them to be Patient. On or About December 14, 2014 (After Pondering the information from 12-12-14, Complainant Packed All his Property And Announced that At midnight of December 15, 2014 He would begin A Hunger Strike to Protest, the Harassment And GANG interference which was Racially motivated to demonstrate How much Power And Control GANGS have over officer And Staff where Complainant WAS moved based on demands of GANG Members At C.M.C.F.

A.) Complainant was transfered from that facility to S.M.C.I., in Leakesville, Greene County, Mississippi.

B.) While At S.M.C.I. Complainant And family Advised Staff AS to His Hunger Strike. No one took Action until A Reporter with the Clarion Ledger, Wrote of Complainants Hunger Strike.

C.) At Some Point on the 4th fourth day of Said Hunger Strike Superintendent Raymond Byrd And Warden Turner Summoned Complainant to A Conference Room Located in the Administration Building where I was Questioned Regarding my Hunger Strike And the Reason for it.

D.) Later I was Escorted to the Prison infirmary. The duty Nurse Stated that Hunger Strike would be treated AS A — "Suicide Watch"

E.) Warden Turner Allowed Complainant to Review the S.O.P. Governing M.D.O.C.'s Policy on Hunger Strikes. Complainant Had No Choice but to Abandon his Protest because of the Punishment He would Receive, if He Continued.
(Page 5.)

M.D.O.C. S.O.P. 20-05-01 States; "That offenders Have The Right To expect Some Degree of A Safe Environment."

F.) The Supreme Court of The United States has held that under The 8th Amendment Prisoner Has the Right to be Relatively safe from Physical Harm or Risk of it. See: Koch v. Lewis, 216 F. Supp 3d At. 1004 OT.; Contra, Stewart v. Alameida, 418 F. Supp 2d At. 1167-68; Taylor v. Rodriguez, 238, F. 3d At 193; Austin v. Wilkinson, 372 F. 3d 346, 356 (6th cir 2004) see Also Sandin v. Conner, 515 U.S. 472  484, 115 S. Ct 2293 (1995) (Prisoner is subjected to "Atypical And Signifi-cant hardship... IN Relation to the ordinary incidents of Prison life. (Refer to Superintendant King's Notice Posted IN All buildings At S.M.C.I. Area - 2.)

G.) M.D.O.C. has A Vulnerable inmate Policy of which they do Not Adhere to. The Classification Department is Responsible for The Placement of inmates. All offenders Are Housed - Together; Gangs with Non Gang Members, The Elderly with the youns. This Places The sick disabled And old in danger.

H.) M.D.O.C. Lacks Concern for These offenders who want to live their Lives: Serve Their Sentences As Peacefully AS AS Possible. To do so without interferrance of unnecessary violence, ExTortion of Gang Members And unnecessary Searches caused by Their Presence.

I.) M.D.O.C. And other State officials Are Not willing to - Address This Problem Therefore; Complainant feels He HAs A Right to go on A Hunger Strike To Bring Attention to these matters without The interfevence, Nor Punishment to inmates

(Page 6)

From M.D.O.C., As Long As Complainant does so peacerbly And does not Attempt to incite others to do the Same.

These are but a few... Many inmates are in fear to complain About Gang Members As well As their Long standing desire for Violence over structured environment And A willingness to violate Rules, Policy, And Laws.

There are many Known incidents by Residents of Area-2 [if] S.M.C.I. officials Recorded them. It would be documented About inmates Traveling from one building to Another, To Extract All froms of Punishment for orders from A leader to Smash on Sisht S.O.S. or Kill on Sisht K.O.S. No matter where the Victim may be housed even in or Among the Elderly or disable. see Exhit "A)(105) And "Notice"

V.

## Legal Claims

The Complainant Request A hearing concerning his first Amendment Right to freedom of Speech, to Protest About the often dangerous Conditions of his confindment, which could Easily impose An irraparable injury or even death, If Prison officials Continue to House Those who Are determined to be A Greater Risk to others... Classifying such inmates to be housed Among such that were properly Classified to Echo-one or Echo-two for Example. Subjects The Elderly And disabled to Cruel And Unusual Punishment where they Are bullied And often forced to Relent to their desire's. Just As They probably And told to do to Elderly And disable before they were incarcerated, because they Are weaker And unable to fight off Those much stronger. Its Easy to infer if A contract is sent out to one of those in hiding (Rather than Placed in Protective Custody) An Elderly or disabled could

(Page 7.)

Easily be injured by accident. which brings About An
Eighth Amendment violation.

## VI.
## Prayer For Relief

For This Court to Schedule A hearing to determine whether
A TRO should be Allowed And for A Reasonable Plan to be
Established to Protect those who meet the Actual Requireme-
nts to be housed in such building As Echo-one And Echo-two.
To enforce the M.D.O.C. Policy Lost in Dust..." Vulnerable
Inmate Policy." To Promote A Policy for those who follow,
Policy to Avoid unnecessary Additional Punishment And
Searches or Loss of Privileges And Escape the Perils And
dangers of "C" Custody where Violence is Not Just Common
And daily but expected, by All And often ignored by
the officers And Staff.
Complainant only wishes to gain Permission from this Court
to be Allowed to exercise his First Amendment Rights
And Complain Peaceably without interference of the daily
Running of this or Any Institution. To Expose that which
has not been fully Reported to the Public or to the fam-
ily whom have lost sons, brothers And fathers to unnecessary
Violence... That M.D.O.C. Won't be Permitted to Harass or
Cause Punishment Against Complainant who will Not Attempt
to incite others or Promote disturbance in his Attempts.

## VII.
## Verification

I hereby Certify that I the Complainant have Read the foregoing
Complaint And seek No Monetary damages for this is A Complaint
only to be Attached to A TRO As Required, that the Allegation herein
Are True And Correct I Certify under the Penalty of Perjury.
Executed This The 4th day of Feb, 2015        Respectfully Submitted
                                              /s/ Danny Singleton
          (Page 8.)                           Danny Singleton #49569

<u>Certificate of Service</u>

I hereby Certify that I have sent via U.S. Postal Service Postage, Pre-Paid A True and Correct Copy of the Attached instruments to The following ... with a Request for U.S. Marshal's Service to Serve Defendants:

Clerk, U.S. District Court
Southern District of Miss
701 N. Main St. St. 200
Hattiesburg, Ms 39401

Leonard Vincent + Jim Norris
M.D.O.C Legal Counsel
Parchman, Ms 38738-0038

Jerry Mitchell (Staff Member)
The Clarion Ledger
P.O. Box 40
Jackson, Ms 39205-0040

Lloyd Gray (Executive Editor)
Daily Journal
1242 S. Green Street
P.O. Box 909
Tupelo, Ms. 38802-0909

Jocelyn Samuels
Assistant U.S. Attorney General
Civil Rights Division
Special Lyligation Section
950 Penn. Ave, N.W.
Washington, D.C. 205030

Mrs Margret Winters
American Civil Liberties Union
915, 15th St N.W. 7th Floor
Washington, D.C. 20005-2112

This The 4th day of February, 2015

28 U.S.C. 1746 -

ß/h Danny Singleton

Danny Singleton # 49569
SMCI Area-2 P.O. Box 1419
Leaksville, Ms 39451-1419



**93090013**
# CUSHION MAILER
**10" x 14"** (usable inside dimension)

$1.89
**CUSHION MAILER**

- Cushion material made from 100% recycled fibers
- Bright white for improved readability
- Self-sealing paper flap



USPS packaging product to Cradle℠ Certification for design. For more information

Cradle to Cradle Certified℠

ied Cradle r-Intelligent m/usps

rk of MBDC.





02520

4  00930  3

1PJC              -093
Produc          )90013
w              m
A product of the U       s Postal Service ®
MADE IN THE U.S.A.


UNITED STAT
POSTAL SERV

PULL TAB TO OPEN