UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANNY SINGLETON                                                                                          PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 1:15CV43-LG-RHW

MISSISSIPPI DEPARTMENT OF CORRECTIONS et al                              DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Danny Singleton, proceeding *pro se*, filed a lawsuit asserting violation of his First Amendment right to freedom of expression and violation of his Eighth Amendment right to be free from cruel and unusual punishment.  Singleton explicitly disavows that he is filing his lawsuit pursuant to 42 U.S.C. § 1983.  Doc. [3] at 2; Doc. [12] at 2; Doc. [23] at 1.  Singleton's protestations notwithstanding, he alleges that state officials, acting under color of state law, are violating his federal constitutional rights.

Singleton requests that the Court enter an order prohibiting the Mississippi Department of Corrections (MDOC) from retaliating against him if he exercises his First Amendment right to conduct a hunger strike.  According to Singleton, MDOC policy dictates that if an inmate refuses three meals, it will result in a Rule Violation Report (RVR), which in turn would reduce the inmate's classification status, cause him to be placed in lock down, and result in a loss of privileges.  Singleton alleges that he has attempted hunger strikes in the past to protest gang control and gang violence against non-gang members at MDOC facilities and to bring public attention to these matters.  He further contends that MDOC has failed to uphold his right to be safe from physical harm or risk of harm.  According to Singleton, in response to his hunger strike, prison officials at South Mississippi Correctional Institution (SMCI) moved him to the

infirmary and placed him on suicide watch.  He seeks a hearing before the Court and a temporary restraining order and preliminary injunction.  Defendants have filed a motion for summary judgment.  Doc. [26].  On March 4, 2016, Singleton filed a motion for a hearing, which is currently pending.  Doc. [32].

## Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552."  *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion.  *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.  "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]."

2

*John*, 757 F.2d at 708.  Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

Courts have expressed disfavor when inmates use hunger strikes as coercive or manipulative tactics.  *See Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006); *White v. Narick*, 292 S.E.2d 54, 58 (W.Va. 1982).  Even if a prisoner possesses a liberty interest to refuse food in order to make a political point, such an interest is easily overriden.  *Freeman*, 441 F.3d at 546.  Prison officials possess a legitimate interest in protecting through reasonable methods the life and health of an inmate.  *See Freeman*, 441 F.3d at 546-47; *Garza v. Carlson*, 877 F.2d 14, 17 (8th Cir. 1989); *White*, 292 S.E.2d at 58.  The Fifth Circuit has recognized that a hunger strike might be protected by the First Amendment if it is intended to convey a particularized message.  *Stefanoff v. Hays County, Texas*, 154 F.3d 523, 527 (5th Cir. 1998).  However, provided that reasonable and effective means of communication remain open to inmates, prison officials are accorded latitude in fashioning restrictions on the time, place and manner of communications by inmates.  *Id.*

Assuming arguendo that Singleton's hunger strike conveys a particularized message, Singleton does not allege, nor does the record indicate, that MDOC officials have issued RVRs or disciplined him for participating in a hunger strike.  Hence, he fails to state a claim of retaliation based on past exercises of his First Amendment rights.  To the extent that Singleton complains about being placed on suicide watch, prison officials reacted reasonably to preserving his health by placing him in the infirmary based on his stated intention to participate in a hunger strike.

Singleton indicates that he intends to conduct future hunger strikes but that pursuant to MDOC policy, prison officials will issue RVRs, which in turn will reduce his classification status and cause a loss of privileges.  Viewed in the most favorable light, Singleton is challenging the constitutionality of the MDOC policy and the restraint it places on his First Amendment right to conduct a hunger strike.  Prison officials are required to provide inmates with well-balanced meals, containing sufficient nutritional value to preserve health.  *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977).  It is well established in the context of inmate hunger strikes that prison officials possess a legitimate interest in preserving the life and health of the inmates under their care.  *Garza*, 877 F.2d at 17; *In re Soliman*, 134 F.Supp. 2d 1238, 1253 (N.D. Ala. 2001); *White*, 292 S.E.2d at 58.  Given the constitutional mandate that prison officials provide adequate nutrition and given the legitimate penological interest in preserving the health and life of inmates, it is not surprising that MDOC maintains polices respecting food and whether inmates should be allowed to refuse their meals.

Even if the undersigned were to accept the proposition that MDOC's policies regarding meals somehow encroach upon Singleton's First Amendment rights, his freedom of expression is preserved in that he possesses other reasonable and effective means of communication regarding the conditions of confinement.  Singleton maintains contact with the free world regarding his conditions of confinement.  *See In re Soliman*, 134 F.Supp.2d at 1253.  As demonstrated by the allegations in his complaint, Singleton's message has been conveyed to a newspaper reporter with the *Clarion Ledger*.  Doc. [1] at 5; Doc. [3] at 2.  He relates several instances where he discussed the hunger strike with prison officials.  *See* Doc. [1] at 5 & Doc. [3] at 2.  At one point, Singleton contacted his wife regarding prison conditions and instructed her to contact the office

of the Commissioner of MDOC, who in turn contacted the Superintendent at Central Mississippi Correctional Facility.  Doc. [1] at 3-4.  As a result, Singleton was granted an audience with the prison's Correctional Investigation Division to report threats made against him.  *Id.*  Furthermore, MDOC provides an administrative remedy program whereby Singleton may file grievances regarding conditions of confinement that he finds objectionable.  *See Goldmon v. Epps*, No. 4:14-CV-0112, 2015 WL 5022087, at *2 (N.D. Miss. Aug. 24, 2015)(describing MDOC's grievance system); *Hogan v. Prince*, No. 14-138, 2015 WL 4527683, at *5 (M.D. La. July 27, 2015)(recognizing inmate grievance procedure as an alternative means of expression to hunger strike).  Given the MDOC's legitimate interests to maintain the health and life of inmates under its care and given that other reasonable and effective means of communication remain open to Singleton, the undersigned finds that Defendants' motion for summary judgment should be granted with respect to Singleton's First Amendment Claim.

Singleton also asserts a claim under the Eight Amendment to be free from risk of physical harm.  Prison officials have a constitutional duty to protect inmates from violence at the hands of their fellow inmates.  *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006).  However, prison officials are not expected to prevent all inmate-on-inmate violence.  *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).  An inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to the inmate's safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate . . . safety" and disregards that risk.  *Id.* at 837.  An officer's awareness of the risk is evaluated subjectively.  *Longoria*, 473 F.3d at 592-93.  A prison official knows of an excessive risk only if (1) he is

aware of facts from which he could infer that a substantial risk of serious harm exists and (2) he in fact draws the inference. *Id.* at 593. No liability exists if an official reasonably responded to a known substantial risk, even if the harm was ultimately not averted. *Id.*

Singleton's complaint fails to allege a single instance of violence or injury committed against him by other inmates. Although he alleges that conditions generally are unsafe for vulnerable inmates such as the elderly and handicapped, he does not allege that prison officials failed to protect him from attack or injury by another inmate. Singleton recognizes that protective custody is an option, but he simply does not like that option because he deems it to be punishment. Doc. [12] at 2. He prefers that MDOC adopt a policy to house gang and non-gang member inmates separately, even going so far as to suggest which units should house which inmates. *See* Doc. [29] at 3 & 6. At a certain level, Singleton's complaint is an attempt to dictate the details of MDOC's prison management and housing of inmates. The undersigned finds that Singleton has failed to state a constitutional claim for failure to protect.

Singleton has filed a motion requesting a hearing on his complaint. Doc. [32]. The undersigned finds that the pleadings are sufficient to resolve the claims raised in Singleton's complaint and addressed in Defendants' motion for summary judgment. Accordingly, Singleton's motion for any hearing beyond the pleadings should be denied.

## **RECOMMENDATION**

Based on the foregoing, he undersigned recommends that Defendants' [26] Motion for Summary Judgment be GRANTED and that Plaintiff's [32] Motion for Hearing be DENIED. It is further recommended that Plaintiff's complaint be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 27th day of April, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE