IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANNY SINGLETON                                                            PLAINTIFF

v.                                                        CAUSE NO. 1:15CV43-LG-RHW

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, ET AL.                                                      DEFENDANTS

## ORDER ADOPTING FINDINGS OF FACT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

BEFORE THE COURT is the [33] Proposed Findings of Fact and Recommendation filed by United States Magistrate Judge Robert H. Walker in this action filed by *pro se* prisoner Danny Singleton, who is currently an inmate with the Mississippi Department of Corrections ("MDOC"). Several of the named defendants filed a [26] Motion for Summary Judgment, which Singleton opposed. Singleton also filed a [32] Motion for Hearing. Magistrate Judge Walker determined that the Motion for Summary Judgment should be granted, that the Motion for Hearing should be denied, and that Singleton's Complaint should be dismissed.

Because Plaintiff Singleton timely filed [35] Objections, the Court reviews the objected-to portions of the Findings and Recommendation *de novo* and make its own determination based on the record developed before the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 675 (1980); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). In doing so, the Court agrees with the Magistrate Judge that Singleton's Complaint should be dismissed, and that his request for a hearing should be denied.

**Singleton's Claims for Relief**

Singleton argues that he "has from the very beginning attempted to make this very clear that this is a Complaint and T.R.O. and not intended to be construed as a 42 U.S.C. § 1983[;] instead [he wants a] federal judge to review the MDOC policy on 'Hunger Strike' . . . ." (Obj. 1-2, ECF No. 35). More specifically, Singleton asks the Court to determine whether he "has a First Amendment right to continue a hunger strike" by himself when he is "not attempting to incite other inmates to join." (Singleton Mem. 7, ECF No. 3).

While Singleton requests a temporary restraining order, the Court construes his request as one for declaratory and permanent injunctive relief, since he is essentially asking the Court to find the MDOC policy unconstitutional and order MDOC to change the policy. In this respect, the Court agrees with the Magistrate Judge that "[v]iewed in the most favorable light, Singleton is challenging the constitutionality of the MDOC policy and the restraint it places on his First Amendment rights to conduct a hunger strike." (Findings of Fact & Rec. 4, ECF No. 33). Although Singleton has disavowed any § 1983 claim for monetary damages, his claims for declaratory and injunctive relief related to the MDOC policy are also properly analyzed under § 1983. *See generally Wilkinson v. Dotson*, 544 U.S. 74 (2005); *see also, e.g.*, *Noatex Corp. v. King Constr. of Houston LLC*, 74 F. Supp. 3d 764, 775 (N.D. Miss. 2014).

Singleton states that under MDOC policy, a hunger strike is classified as "an 'attempt to commit suicide.' Without a rational determination to evaluate each case

2

on its own merits. MDOC moves forward to issue a rule violation report (RVR) for each meal missed or refused." (Obj. 2, ECF No. 35). He also contends that the punishment for a hunger strike under MDOC policy violates his Eighth Amendment right against cruel and unusual punishment.

A prisoner's "hunger strike may be protected by the First Amendment if it was intended to convey a particularized message." *Stefanoff v. Hays Cty.*, 154 F.3d 523, 527 (5th Cir. 1998). "However, so long as reasonable and effective means of communication remain open and no discrimination in terms of content is involved, prison officials are accorded latitude in fashioning restrictions on time, place and manner of communications." *Id.* "Such restrictions must be reasonably related to a legitimate penological interest." *Id.* Importantly, "prison officials are not required to adopt the policy least restrictive of prisoners' rights, so long as the policy itself is reasonable." *See Chavarria v. Stacks*, 102 F. App'x 433, 436 (5th Cir. 2004) (citing *Talib v. Gilley*, 138 F.3d 211, 215 n.4 (5th Cir. 1998)).

Singleton has never alleged any discrimination in terms of content. His allegation has always been that MDOC policy prohibited him from a hunger strike *regardless* of the content. He spends much of his Objection arguing about the particularized message related to poor prison conditions he is attempting to convey through a hunger strike, including multiple pages devoted to a litany of complaints he has with those conditions. He also states that further discovery is needed to prove these conditions. Even if Singleton had timely served discovery requests,

3

which he did not, the Court finds that the discovery to which Singleton refers is unnecessary. The issue before the Court is not the prison conditions themselves, but Singleton's alleged First Amendment right to shed light on those conditions through a hunger strike. Accepting Singleton's assertion that the hunger strike is conveying a particularized message related to prison conditions, the Court still finds that Singleton's Complaint should be dismissed.

First, the Court is of the opinion that the challenged policy is reasonably related to a legitimate penological interest. "True, 'Prison walls do not form a barrier separating prison inmates from the protections of the Constitution.'" *McKnight v. Johnson*, 277 F.3d 1373, *1 (5th Cir. 2001) (citing *Turner v. Safley*, 482 U.S. 78, 84 (1987)). "But legitimate penological objectives require that [courts] not undo official actions or regulations so long as they are reasonably related to" those objectives. *See id.*; *see also Williams v. Thaler*, No. C-13-061, 2013 WL 1767775, at *3 (S.D. Tex. Apr. 23, 2012) ("Prisoners' constitutional rights may be limited for valid penological objectives . . . .").

"[P]reservation of prisoners' health is certainly a legitimate objective, and prison officials may take reasonable steps to accomplish this goal." *Garza v. Carlson*, 877 F.2d 14, 17 (8th Cir. 1989); *see also In re Soliman*, 134 F. Supp. 2d 1238, 1253 (N.D. Ala. 2001). Classifying a hunger strike as an attempt to commit suicide and issuing RVRs for missed or refused meals are reasonable steps to

4

accomplish the goal of preserving a prisoner's health.[1] *See, e.g., Mincy v. Klem*, 277 F. App'x 239, 244 (3d Cir. 2008) (psychiatric observation of inmate refusing to eat or drink is a "patently appropriate response") (citation and quotation marks omitted); *Wilson v. Hardy*, No. 11-C-6862, 2012 WL 400927, at *2 (N.D. Ill. Feb. 7, 2012) ("Correctional officers are responsible for the prisoner and they cannot allow him to take actions that would result in his own injury."). In this respect, federal courts have even upheld requirements of force-feeding hunger striking inmates. *See, e.g., Garza*, 877 F.2d at 17 (prisoner's constitutional rights "were not violated by the threat of receiving involuntary nourishment"); *Aamer v. Obama*, 953 F. Supp. 2d 213, 222 (D.D.C. 2013); *In re Soliman*, 134 F. Supp. 2d at 1253; *see also, e.g., White v. Suneja*, No. 10-cv-332-JPG, 2010 WL 4719663, at *1 (S.D. Ill. Nov. 15, 2010) (state department of corrections "does not violate an inmate's constitutional rights in seeking a court order to force feed an inmate on a hunger strike").

Second, the Court in its own review of the record agrees with the Magistrate Judge's finding that even if MDOC's policy somehow "encroach[es] Singleton's First Amendment rights, his freedom of expression is preserved in that he possesses other reasonable and effective means of communication regarding the conditions of confinement." (*See* Findings of Fact & Rec. 4, ECF No. 33); *Hogan v. Prince*, No. 14-

---

[1] Ironically, were the MDOC simply to ignore Singleton or any other inmate on a hunger strike – which is what Singleton is in essence suggesting – such action could subject MDOC to a lawsuit for being deliberately indifferent to the inmate's health and/or medical needs. *See, e.g., Owens v. Hinsley*, 635 F.3d 950, 954 (7th Cir. 2011); *Jaworski v. Smith*, No. 02-C-251-C, 2002 WL 32362240, at *5 (W.D. Wis. June 18, 2002).

138-SDD-RLB, 2015 WL 4527683, at *5 (M.D. La. July 27, 2015). Singleton acknowledges that his message has been conveyed to a newspaper reporter, and he does not allege or offer evidence that he has been prohibited from corresponding with the outside world. *See, e.g.*, *In re Soliman*, 134 F. Supp. at 1253. Moreover, MDOC has an administrative remedy program whereby Singleton may file grievances regarding prison conditions. *See, e.g.*, *Hogan*, 2015 WL 4527683, at *5. Singleton's conclusory allegations with respect to the effectiveness of this program are insufficient to overcome summary judgment. *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010).

Singleton further claims that amassing RVRs for refusing meals would change his classification status and result in loss of privileges, which constitutes cruel and unusual punishment in violation of the Eighth Amendment. The Court doubts that these circumstances constitute cruel and unusual punishment. *See, e.g.*, *King v. Sims*, No. 2:07cv136-MTP, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009); *Anderson v. King*, No. 2:05cv1-MTP, 2007 WL 3357586, at *5 (S.D. Miss. Nov. 9, 2007). Regardless, for the same reasons discussed above, the Court finds that the MDOC policy is reasonably related to achieving the goal of preserving a prisoner's health. *See, e.g.*, *Phillips v. East*, 81 F. App'x 483, 485 (5th Cir. 2003) ("Even prison regulations that infringe a prisoners [sic] constitutional rights are upheld if they are reasonably related to a legitimate penological interest.") (citing *Turner*, 482 U.S. at 89); *see also Chavarria*, 102 F. App'x at 436.

138-SDD-RLB, 2015 WL 4527683, at *5 (M.D. La. July 27, 2015). Singleton acknowledges that his message has been conveyed to a newspaper reporter, and he does not allege or offer evidence that he has been prohibited from corresponding with the outside world. *See, e.g.*, *In re Soliman*, 134 F. Supp. at 1253. Moreover, MDOC has an administrative remedy program whereby Singleton may file grievances regarding prison conditions. *See, e.g.*, *Hogan*, 2015 WL 4527683, at *5. Singleton's conclusory allegations with respect to the effectiveness of this program are insufficient to overcome summary judgment. *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010).

Singleton further claims that amassing RVRs for refusing meals would change his classification status and result in loss of privileges, which constitutes cruel and unusual punishment in violation of the Eighth Amendment. The Court doubts that these circumstances constitute cruel and unusual punishment. *See, e.g.*, *King v. Sims*, No. 2:07cv136-MTP, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009); *Anderson v. King*, No. 2:05cv1-MTP, 2007 WL 3357586, at *5 (S.D. Miss. Nov. 9, 2007). Regardless, for the same reasons discussed above, the Court finds that the MDOC policy is reasonably related to achieving the goal of preserving a prisoner's health. *See, e.g.*, *Phillips v. East*, 81 F. App'x 483, 485 (5th Cir. 2003) ("Even prison regulations that infringe a prisoners [sic] constitutional rights are upheld if they are reasonably related to a legitimate penological interest.") (citing *Turner*, 482 U.S. at 89); *see also Chavarria*, 102 F. App'x at 436.

Finally, the Court notes that the Magistrate Judge found that Singleton "fails to state a claim of retaliation based on past exercises of his First Amendment rights[,]" and fails to state a claim "for failure to protect."[2] (Findings of Fact & Rec. 3, 5-6 ECF No. 33).  Singleton has not challenged these findings and indeed has disavowed any such claims.

Under 28 U.S.C. § 636(b)(1), the Court need only "make a de novo determination of those . . . specified proposed findings and recommendations to which objection is made."  For those portions to which no objection has been made, the Court need only review the Findings and Recommendation to determine whether the findings and recommendation are clearly erroneous or contrary to law. *See, e.g.*, *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  Having done so in this action, the Court is of the opinion that those portions of the Magistrate Judge's Findings and Recommendation to which no objection was made are neither clearly erroneous nor contrary to law.

**Singleton's Request for a Hearing**

The Magistrate Judge determined "that the pleadings are sufficient to resolve the claims raised in Singleton's complaint and addressed in Defendants' motion for summary judgment." (Findings of Fact & Rec. 6, ECF No. 33).  Singleton objects to this finding, but has not made any argument or cited any authority that he was

---

[2] As recognized by the Magistrate Judge, while Singleton "alleges that conditions generally are unsafe for vulnerable inmates such as the elderly and handicapped, he does not allege that prison officials failed to protect him from attack or injury by another inmate." (*See* Findings of Fact & Rec. 6, ECF No. 33).

*entitled* to a hearing. Instead, he states that "a hearing would, of necessity, illumine the underlying dangers prompting" his proposed hunger strike, and that "[t]here stands much to be gained in its wake, among so much, the path would be laid for lessened dangers to vulnerable prisoners and peace of mind that the Court had taken good faith step[s] to redress a real and prevalent problem." (Obj. 13, ECF No. 35).

Again, however, the issue before the Court is not the prison conditions themselves, but Singleton's alleged right to conduct a hunger strike to protest those conditions. The Court has reviewed the record in detail and is of the opinion that a hearing would not assist the Court in deciding the actual issue before it, *i.e.*, the constitutionality of the MDOC policy pertaining to hunger strikes. Rather, the Court can make such a determination – and it has – based on the record before it. *See, e.g.*, *Jackson v. Biedenharn*, 429 F. App'x 369, 373 (5th Cir. 2011) (no right to a hearing) (affirming district court decision not to hold hearing before granting summary judgment). To the extent Singleton is requesting a return of his filing fee, such request is denied. Singleton was required to pay the required fee to file his Complaint regardless of whether he was afforded a hearing.

## CONCLUSION

The Court has conducted the required review of each portion of the [33] Findings of Fact and Recommendation, and is of the opinion that Plaintiff's Complaint challenging the constitutionality of MDOC's policy related to hunger strikes should be dismissed, and that his request for a hearing should be denied.

8

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [33] Proposed Findings of Fact and Recommendation filed by United States Magistrate Judge Robert H. Walker are adopted as the findings of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [1] Complaint filed by Plaintiff Danny Singleton is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's request for a hearing is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 17th day of May, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE