**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DANNY SINGLETON**                                                                  **PLAINTIFF**

**v.**                                                         **CAUSE NO. 1:15CV43-LG-RHW**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, ET AL.**                                                    **DEFENDANTS**

**ORDER DENYING MOTION SEEKING CERTIFICATE OF
APPEALABILITY AND RECONSIDERATION**

BEFORE THE COURT is the [39] Motion Seeking Certificate of

Appealability filed by *pro se* prisoner Danny Singleton, who is currently an inmate

with the Mississippi Department of Corrections.  In the Motion, Singleton also asks

the Court to reconsider its [36] Order Adopting Findings of Fact and

Recommendation and Dismissing Plaintiff's Complaint.  Having carefully reviewed

the Motion, the Court is of the opinion that the Motion should be denied because (1)

a certificate of appealability is not required, and (2) Singleton has not established

that reconsideration is warranted under Federal Rule of Civil Procedure 59.

Both the Magistrate Judge and this Court determined that Singleton's claims

were brought pursuant to 42 U.S.C. § 1983 and that all such claims should be

dismissed.  Singleton "does not need a certificate of appealability to appeal the

dismissal" of § 1983 claims.  *See Madis v. Edwards*, 347 F. App'x 106, 107 (5th Cir.

2009).  Accordingly, Singleton's request for a certificate of appealability is denied.

*See, e.g.*, *Jones v. Epps*, No. 2:08-cv-36-KS-MTP, 2008 WL 1932402, at *1 (S.D.

Miss. Apr. 28, 2008).

However, Singleton also asks that the Court reconsider its Order dismissing his claims. (*See* Mot. 14, ECF No. 39). Because the Motion was filed within 28 days of the Court's Order and Final Judgment, the Court treats the Motion as being made pursuant to Federal Rule of Civil Procedure 59.

A Rule 59 motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation and quotation marks omitted). It "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *See id.* at 478-79. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479. To prevail, a plaintiff must establish (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Singleton has not argued an intervening change in controlling law or the availability of new evidence not previously available. Therefore, the Court has considered whether Singleton has shown the need to correct a clear error of law or prevent manifest injustice, and concludes that he has not. Rather, Singleton's Motion is the exact type of rehashing of arguments that the Fifth Circuit has found unavailing on a Rule 59 motion. *See Templet*, 367 F.3d at 478-79.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [39] Motion

2

Seeking Certificate of Appealability is **DENIED**.  To the extent Singleton requests reconsideration of the Court's previous [36] Order, that request is also **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of June, 2016.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

3